IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased, and GRACE NEEBE, in her own right, 1415 CREEK ROAD FURLONG, PA 18925 | JURY TRIAL DEMANDED<br><br>CIVIL ACTION COMPLAINT |
| v. | |
| RAVIN CROSSBOWS, LLC. 101 MAIN STREET SUPERIOR, WI 54880 and VENATICS, INC. 69 N 28th STREET E 500 SUPERIOR, WI 54880 and COMPASS DIVERSIFIED HOLDINGS 301 RIVERSIDE AVENUE, 2ND FLOOR WESTPORT, CT 06880 and THE COMPASS GROUP 301 RIVERSIDE AVENUE, 2ND FLOOR WESTPORT, CT 06880 and VELOCITY OUTDOOR, INC. 7629 STATE 5 and 20 BLOOMFIELD, NY 14469 and CROSMAN 7629 NY-5 BLOOMFIELD, NY 14469 | CIVIL NO.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>COMPLAINT |

Plaintiff, **GRACE NEEBE, as Administratrix of the ESTATE OF LOUIS NEEBE, Deceased, and GRACE NEEBE in her own right,** by and through her attorneys, Pansini & Mezrow, avers as follows upon causes of action as set forth below:

## I. PARTIES

1. Plaintiff's Decedent,, **LOUIS NEEBE,** was an adult individual who, at all times relevant hereto, resided at 1415 Creek Road, Furlong, PA 18925.

2. Plaintiff, **GRACE NEEBE**, is the widow of Plaintiff's Decedent, **LOUIS NEEBE**, and is an adult individual residing at 1415 Creek Road, Furlong, PA 18925.

3. Defendant, **RAVIN CROSSBOWS, LLC,** is foreign corporation and/or an unincorporated association and/or a public corporation and/or a partnership and/or a sole proprietorship which, at all times relevant hereto maintained a business address and corporate headquarters at 101 Main Street, Superior, Wisconsin 54880.

4. At all times relevant hereto, Defendant, **RAVIN CROSSBOWS, LLC,** engaged in the business of designing, manufacturing, selling, distributing and/or marketing crossbows for hunting and recreational use.

5. At all times relevant hereto, Defendant, **RAVIN CROSSBOWS, LLC,** was in the business of selling, distributing, marketing, designing and manufacturing crossbows, arrows and arrow nocks for hunting and recreational use and was the designer, manufacturer, distributor and/or seller of the crossbow and arrow nock which caused Plaintiff's Decedent, **LOUIS NEEBE,** serious injuries as more fully described herein.

6. Defendant, **VENATICS, INC.,** is foreign corporation and/or an unincorporated association and/or a public corporation and/or a partnership and/or a sole proprietorship

which, at all times relevant hereto maintained a business address and corporate headquarters at 69 N. 28th Street E 500, Superior, Wisconsin 54880.

7.  At all times relevant hereto, Defendant, **VENATICS, INC.,** engaged in the business of designing, manufacturing, selling, distributing and/or marketing crossbows for hunting and recreational use.

8.  At all times relevant hereto, Defendant, **VENATICS, INC.,** was in the business of selling, distributing, marketing, designing and manufacturing crossbows arrow nocks for hunting and recreational use and was the designer, manufacturer, distributor and/or seller of the crossbow and arrow nock which caused Plaintiff's Decedent, **LOUIS NEEBE,** serious injuries as more fully described herein.

9.  Defendant, **COMPASS DIVERSIFIED HOLDINGS,** is a foreign corporation and/or an unincorporated association and/or a public corporation and/or a partnership and/or a sole proprietorship which, at all times relevant hereto maintained a business address and corporate headquarters at 301 Riverside Avenue, 2nd Floor, Westport, Connecticut 06880.

10. At all times relevant hereto, Defendant, **COMPASS DIVERSIFIED HOLDINGS,** engaged in the business of designing, manufacturing, selling, distributing and/or marketing crossbows for hunting and recreational use.

11. At all times relevant hereto, Defendant, **COMPASS DIVERSIFIED HOLDINGS,** was in the business of selling, distributing, marketing, designing and manufacturing crossbows arrow nocks for hunting and recreational use and was the desire, manufacturer, distributor and/or seller of the crossbow and arrow nocks which caused

Plaintiff's Decedent, **LOUIS NEEBE,** serious injuries as more fully described herein.

12. Defendant, **THE COMPASS GROUP,** is foreign corporation and/or an unincorporated association and/or a public corporation and/or a partnership and/or a sole proprietorship which, at all times relevant hereto maintained a business address and corporate headquarters at 301 Riverside Avenue, 2nd Floor, Westport, Connecticut 06880

13. At all times relevant hereto, Defendant**, THE COMPASS GROUP,** was engaged in the business of designing, manufacturing, selling, distributing and/or marketing crossbows for hunting and recreational use.

14. At all times relevant hereto, Defendant, **THE COMPASS GROUP,** was in the business of selling, distributing, marketing, designing and manufacturing crossbows arrow nocks for hunting and recreational use and was the designer, manufacturer, distributor and/or seller of the crossbow and arrow nock which caused Plaintiff's Decedent, **LOUIS NEEBE,** serious injuries as more fully described herein.

15. Defendant, **VELOCITY OUTDOOR, INC.,** is foreign corporation and/or an unincorporated association and/or a public corporation and/or a partnership and/or a sole proprietorship which, at all times relevant hereto maintained a business address and corporate headquarters at 7629 STATE 5 and 20, Bloomfield, New York 14469.

16. At all times relevant hereto, Defendant**, VELOCITY OUTDOOR, INC.,** engaged in the business of designing, manufacturing, selling, distributing and/or marketing crossbows for hunting and recreational use.

17. At all times relevant hereto, Defendant, **VELOCITY OUTDOOR, INC.,** was in the business of selling, distributing, marketing, designing and manufacturing crossbows

arrow nocks for hunting and recreational use and was the desire, manufacturer, distributor and/or seller of the crossbow and arrow nock which caused Plaintiff's Decedent, **LOUIS NEEBE,** serious injuries as more fully described herein.

18. Defendant, **CROSMAN,** is foreign corporation and/or an unincorporated association and/or a public corporation and/or a partnership and/or a sole proprietorship which, at all times relevant hereto maintained a business address and corporate headquarters at 7629 NY-5, Bloomfield, New York 14469.

19. At all times relevant hereto, Defendant, **CROSMAN,** engaged in the business of designing, manufacturing, selling, distributing and/or marketing crossbows for hunting and recreational use.

20. At all times relevant hereto, Defendant, **CROSMAN,** was in the business of selling, distributing, marketing, designing and manufacturing crossbows arrow nocks for hunting and recreational use and was the designer, manufacturer, distributor and/or seller of the crossbow and arrow nocks which caused Plaintiff's Decedent, **LOUIS NEEBE,** serious injuries as more fully described herein.

## II.     JURISDICTION

3. Jurisdiction of this Court over the matters in this Complaint is founded upon 28 U.S.C. §1332, diversity of citizenship as the Plaintiff is a citizen of Pennsylvania and the Defendants are citizens of Wisconsin, Connecticut and New York.

4. Plaintiff demands trial by jury.

5. Plaintiff states that the amount in controversy exceeds $75,000.00.

6.      For purposes of compulsory non-binding arbitration program of the United States District Court for the Eastern District of Pennsylvania, Plaintiff hereby affirms that the claim for damages exceeds $150,000.00.

### III.    VENUE

7.      The crossbow and arrow nocks allege to have been defectively designed in this Complaint were purchased in the Eastern District of Pennsylvania by Plaintiff's Decedent, **LOUIS NEEBE,** who is a resident of Pennsylvania while Defendants are residents of Wisconsin, Connecticut and New York.  Therefore, venue is proper in this Court.

### IV.    FACTS

8.      On November 1, 2017, Plaintiff's Decedent, **LOUIS NEEBE,** owned a Ravin Crossbow and Ravin Arrow Nock involved in the incident hereinafter described.

9.      On or about November 1, 2017, **LOUIS NEEBE,** was hunting with a Ravin Crossbow and Ravin Arrow Nock.

10.     Defendants identified above were acting through its agents (actual, apparent or ostensible), servants and/or employees.

11.     On or about November 1, 2017, Plaintiff's Decedent, **LOUIS NEEBE** was in the course and scope of hunting when the Ravin Crossbow and Ravin Arrow Nock suddenly and without warning had a failure, and discharged a ravin arrow into and through Plaintiff Decedent, **LOUIS NEEBE'S** foot and as a result of which he sustained including fractures of the toes, puncture wounds, muscle, nerve, tendon, bone and tissue and nerve injuries.

## COUNT I

### GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased v. DEFENDANTS, RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN

12. Plaintiff hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

13. The joint and several carelessness, negligence and/or strict liability of the Defendants, consisted of the following acts and/or omissions:

   a. manufacturing an unsafe, defective arrow nock;

   b. designing an unsafe and defective arrow nock;

   c. designing an unsafe and defective ravin crossbow;

   d. manufacturing an unsafe and defective crossbow;

   e. failing to design a safe and effective arow nock;

   f. design and manufacturing improperly arrow knocks;

   g. selling, distributing and retaining the defective cross bow, arrow knock and/or arrow despite notice that the same was unsafe and defective;

   h. manufacturing, designing, producing, selling, distributing and retailing arrow nocks that did not fully engage with the bowstring, thereby resulting in the bow discharging while users attempting to re-nock their arrows after failure to discharge;

   I. designing, manufacturing, selling, distributing arrow nocks that malfunctioned;

  j. failing to properly test the crossbow, arrow nock an arrow for proper and foreseeable use and foreseeable misuse;

  k. providing the crossbow, arrow and arrow nock with defective warnings and instructions under the circumstances;

  l. failing to design and install the necessary guards to assure the safety of persons utilizing the crossbow, arrow nock and/or arrow;

  m. failing to design, modify and sell the crossbow, arrow nock and/or arrow so as to render its safe or its intended purpose and use;

  n. failing to warn users of the defective and/or the hazardous conditions in which Defendants were aware or should have been aware;

  o. failing to recommend an appropriate crossbow, arrow nock and/or arrow under the circumstances;

  p. failing to advise of the necessary safety devices which the crossbow, arrow nock and/or arrow require under the circumstances;

  q. failing to design the product having the appropriate crossbow, arrow nock and/or arrow and devices to make the product safe;

  r. failing to design the products so it stops level and failure to design and manufacture the crossbow, arrow nock and/or arrow;

  s. failing to design and manufacture the crossbow, arrow nock and/or arrow;

  t. designing a defective crossbow, arrow nock and/or arrow; and

  u. designing safety devices which failed.

14. Defendants' joint and several negligence was a factual cause of Plaintiff's injuries as set forth above.

8

WHEREFORE, Plaintiff, **GRACE NEEBE, as Administratrix of the ESTATE OF LOUIS NEEBE, Deceased, and GRACE NEEBE, in her own right,** demands damages of the Defendants, **RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN** herein, solely, jointly and/or severally, in a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus delay damages, costs, interest, and all other damages as permitted by law.

## COUNT II

### GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased, v. DEFENDANTS, RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN

15. Plaintiff hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

16. Defendants designed, manufactured, sold, distributed, and/or supplied the crossbow, arrow nock and/or arrow in the ordinary course of Defendants' business.

17. At all times relevant hereto, the crossbow, arrow nock and/or arrow was defective and unreasonably dangerous for use and Defendants failed to make them safe.

18. The crossbow, arrow nock and/or arrow was used in a manner reasonably anticipated by the Defendants.

19. The crossbow, arrow nock and/or arrow was defective which the Defendants knew or should have known at all times material hereto.

20. The crossbow, arrow nock and/or arrow was defective and had dangerous and defective fail-safe system(s) which the Defendants knew or should have known at all times material hereto.

21. Despite this knowledge, some time prior to the date of incident, the Defendants designed, distributed, marketed, serviced, maintained and/or sold the crossbow, arrow nock and/or arrow without correcting the known defects and dangerous conditions.

22. Defendants are strictly liable to the Plaintiff pursuant to §402A of the Restatement (Second) of Torts.

23. At the time the Defendants placed the crossbow, arrow nock and/or arrow into the stream of commerce, the crossbow, arrow nock and/or arrow was in a defective condition.

24. At the time the Defendants placed the crossbow, arrow nock and/or arrow into the tree stand, the crossbow, arrow nock and/or arrow was in a defective condition by reason of its improper design and the absence of proper warnings, notice and/or instruction to customers and foreseeable users as to the hazards when using the crossbow, arrow nock and/or arrow.

25. The defective condition of the crossbow, arrow nock and/or arrow was a factual cause of Plaintiff injuries.

26. The aforementioned accident resulting in injuries to Plaintiff, were factually caused by the conduct of said Defendants, acting directly through their agents and authorized representatives, in that they designed, distributed, and/or sold the crossbow, arrow nock and/or arrow in a dangerous and unsafe condition for which Defendants are

strictly liable to Plaintiff as a matter of law under the provisions of 402A of the Restatement of Torts(2d).

27. As a result of the aforementioned defective condition(s), Plaintiff suffered injuries and damages as set forth herein.

**WHEREFORE**, Plaintiff, **GRACE NEEBE, as Administratix fo the ESTATE OF LOUIS NEEBE, Deceased, and GRACE NEEBE, in her own right,** demands damages of the Defendants, **RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN** herein, solely, jointly and/or severally, in a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus delay damages, costs, interest, and other damages permitted by law.

## COUNT III

**GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased, v. DEFENDANTS, RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN**

28. Plaintiff hereby incorporates by reference hereto all the averments and allegation contained in the foregoing paragraphs.

29. The aforesaid injuries and resulting damages to Plaintiff were proximately caused by the conduct of the Defendants, in that the Defendants designed, manufactured, researched, developed, tested, inspected, distributed, packaged, labeled, sold, supplied, marketed, promoted and/or advertised that the crossbow, arrow nock and/or arrow were safe for their intended use, for which Defendants are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

30. The Defendants' statements and/or non-disclosures as heretofore alleged, were misrepresentations and/or non-disclosures of material fact.

31. At all material times hereto, Defendants were engaged in the business as sellers, distributors, suppliers, and/or vendors of the crossbow, arrow nock and/or arrow.

32. Defendants, through their advertising, labels, representations on containers, distribution, packaging, supplying, marketing and/or promoting, made public misrepresentations or non-disclosures of material facts concerning the character and/or quality of the crossbow, arrow nock and/or arrow.

33. As a result of Defendants' misrepresentations and/or non-disclosures of material facts concerning the crossbow, arow nock and/or arrow, they are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

34. The crossbow, arrow nock and/or arrow was in a defective condition at the time of Plaintiff's accident and was not substantially changed at the time of Plaintiff's accident from the time that the Defendants placed the crossbow, arrow nock and/or arrow in the tree stand.

35. In relying upon the misrepresentations and/or non-disclosures of material facts made by Defendants, the crossbow, arrow nock and/or arrow was purchased and/or used in the manner and for the purpose intended, as designed, manufactured, developed, tested, inspected, distributed, packaged, supplied, labeled, sold, marketed, promoted and/or advertised by Defendants.

36. As a direct and proximate result of the aforesaid advertisements, labels, misrepresentations and/or non-disclosures of material facts, Plaintiff's Decedent, **LOUIS**

**NEEBE,** suffered severe injuries and damages as alleged herein.

**WHEREFORE,** Plaintiff, **GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased, and GRACE NEEBE, in her own right,** demands damages of the Defendants, **RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN** herein, solely, jointly and/or severally, in a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus delay damages, costs, interest, and other damages permitted by law.

## COUNT IV

### GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased v. DEFENDANTS, RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, <u>THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN</u>

37. Plaintiff hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

38. At all times material, Defendants were designers, manufacturers, sellers, distributors, suppliers, servicers, maintainers and/or vendors of the crossbow, arrow nock and/or arrow.

39. Defendants described and expressly warranted the crossbow arrow nock and/or arrow <u>inter alia</u>, as being safe for its intended purpose.

40. The crossbow, arrow nock and/or arrow was used based upon the express warranty made by the Defendants.

41. The Defendants breached the express warranty stated, *supra*, since it was defective and had improper instructions and warnings.

42. Plaintiff's injuries and damages were caused by the Defendants' breach of the express warranty.

43. Defendants are liable to the Plaintiff for the damages sustained as a result of the breach of the express warranty.

**WHEREFORE**, Plaintiff, **GRACE NEEBE, as Administratrix of the ESTATE OF LOUIS NEEBE, Deceased, and GRACE NEEBE, in her own right,** demands damages of the Defendants, **RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN** herein, solely, jointly and/or severally, in a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus delay damages, costs, interest, and other damages permitted by law.

## COUNT V

### GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased v. DEFENDANTS, RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, <u>THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN</u>

44. Plaintiff hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

45. At all times material, Defendants were designers, manufacturers, sellers, distributors, suppliers, servicers, maintainers and/or vendors of the crossbow, arrow nock and/or arrow.

46. An implied warranty existed that the crossbow, arrow nock and/or arrow was 'merchantable' as defined by 13 Pa.C.S.A. § 2314.

47. The ordinary purpose of the crossbow was for use in hunting and target

shooting.

48. The crossbow, arrow nock and/or arrow was unfit for the purpose as stated herein.

49. Plaintiff's Decedent was a third party beneficiary of the implied warranty.

50. The Defendants breached the implied warranty stated herein.

51. Plaintiff's injuries and damages were caused by the Defendants' breach of their implied warranty.

52. Defendants are liable to the Plaintiff for the damages sustained as a result of the breach of the implied warranty.

**WHEREFORE**, Plaintiff, **GRACE NEEBE, as Administratrix of the ESTATE OF LOUIS NEEBE, Deceased, and GRACE NEEBE, in her own right,** demands damages of the Defendants, **RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN**, herein, solely, jointly and/or severally, in a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus delay damages, costs, interest, and other damages permitted by law.

## COUNT VI

**GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased v. DEFENDANTS, RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, <u>THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN</u>**

53. Plaintiff hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

54. At all times material, Defendants, **RAVIN CROSSBOWS, LLC, VENATICS,**

**INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN** were designers, manufacturers, sellers, distributors, suppliers, servicers, maintainers and/or vendors of the crossbow, arrow nock and/or arrow.

55. At the time that the crossbow, arrow nock and/or arrow was put into the tree stand, Defendants had reason to know that the crossbow, arrow nock and/or arrow would be used as it was when Plaintiff was injured.

56. Plaintiff's Decedent, buyer of the crossbow, arrow nock and/or arrow, relied on the skill and judgment of Defendants to select and furnish a crossbow, arrow nock and/or arrow was suitable for the application at issue.

57. The crossbow, arrow nock and/or arrow was unfit for the particular purpose as stated herein.

58. Plaintiff's Decedent was a buyer beneficiary of the implied warranty.

59. Defendants breached the implied warranty.

60. Plaintiff's Decedent's injuries and damages were caused by the Defendants' breach of their implied warranty.

61. Defendants are liable to the Plaintiff for the damages sustained as a result of the breach of the implied warranty.

**WHEREFORE**, Plaintiff demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus delay damages, costs, interest, and other damages permitted by law.

## COUNT VII

### GRACE NEEBE, in her own right v. DEFENDANTS, RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN

62.   Plaintiff hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

63.   Plaintiff, **GRACE NEEBE,** was the wife and is now the widow of the **LOUIS NEEBE, Deceased.**

64.   As a direct result of the defendants' negligence, plaintiff, **GRACE NEEBE,** was deprived of the services, society, companionship, and consortium of her husband, to her great detriment and loss.

**WHEREFORE**, Plaintiff**, GRACE NEEBE,** demands judgment against the Defendants, **RAVIN CROSSBOWS, LLC, VENATICS, INC., COMPASS DIVERSIFIED HOLDINGS, THE COMPASS GROUP, VELOCITY OUTDOOR, INC. AND CROSMAN** solely, jointly and severally in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus damages, damages, interest, costs, and damages as permitted by law.

**PANSINI & MEZROW**

BY: **/s/Michael O. Pansini**
**MICHAEL O. PANSINI, ESQUIRE**
1525 Locust Street, 15th Floor
Philadelphia, PA 19102
(215) 732-5555
**Attorneys for Plaintiffs**

Date:   10/21/2019

## VERIFICATION

**Michael O. Pansini, Esquire** states that the facts set forth in the foregoing Complaint are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
**MICHAEL O. PANSINI, ESQUIRE**

**DATE: October 21, 2019**