IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased, and GRACE NEEBE, in her own right | : : : : | |
| v. | : : | |
| RAVIN CROSSBOWS, LLC., et al | : : | CIVIL NO. 2:19-cv-04934-JDW |

**PLAINTIFF'S RESPONSE TO RULE TO SHOW CAUSE**

Pursuant to the January 20, 2021 Order to Show Cause of Hon. Joshua D. Wolson, Plaintiffs hereby file the following response:

It is respectfully requested and submitted that this Court consider Plaintiff's untimely responses to the Defendant Ravin's Motion for Summary Judgment and Motion to Preclude Plaintiff's Expert on the merits.

It is well-within the Court's discretion to consider an untimely filing.

> The determination of whether one party's failure to adhere to a deadline is excusable should take into account all relevant circumstances surrounding the delay. Relevant factors to consider include the danger of prejudice to the nonmovant[1], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Thompson v. Peak Energy Servs. USA, Inc., No. CIV.A. 13-0266, 2014 WL 789087, at *1 (W.D. Pa. Feb. 26, 2014), citing Pioneer Invest. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

---

[1] Case law on late filings focuses primarily on the filing of initiating documents (e.g. pleadings and motions).

In this matter, it is respectfully submitted that the factors weigh in favor of considering the responses on their merits, as opposed to the sanction of striking the responses, which would effectively dismiss Plaintiff's case with prejudice. First, it must be said that it is Plaintiff counsel's responsibility to know and adhere to the rules and deadlines of the Court. This Honorable Court has been clear from the outset of this case that it would not delay this matter unnecessarily, nor for any non-specific reference to the ongoing pandemic as cause. The undersigned does not take this responsibility lightly and was extremely disappointed to learn that he had filed Plaintiff's briefing after the Court's deadlines.

The underlying motions were filed on December 30, 2020. Sadly, just two (2) weeks prior, on December 16, 2020, a senior member and one of only four (4) attorneys in Plaintiff's counsel's firm, passed away suddenly and without warning.[2] The attorney had been with the firm for over twenty two (22) years. At the time of his death, that attorney was responsible for more than one hundred (100) cases. Over the holidays and throughout January, Plaintiff's counsel has had the unfortunate task of familiarizing themselves with the files, notifying his clients and addressing pending matters on each of the files, all while also attending to their own matters. The vast majority of the attorney's cases were in litigation with pending motions, discovery, depositions, virtual hearings, deadlines, and court conferences. Moreover, counsel also had to make sure none of his presuit files were in danger of violating an applicable statute of limitations.

In the midst of this and during a holiday week when support staff was either working-from-home or home for the holiday, undersigned counsel calendared the due date to respond to the motions for twenty (20) days after they were filed, believing that to be the due date. This was

---

[2] For the sake of his privacy and that of his family, upon the Court's consideration of the Motion to File a Sealed Exhibit filed contemporaneously herewith, Plaintiff will submit the firm's published tribute to him.

undersigned's error, pure and simple. Local Rule 7.1(c) is clear that, at the very least, the response to Defendant's Daubert motion was due no later than January 13, 2021.

In evaluating Plaintiff's request that these matters be heard on the merits, counsel requests that the Court consider the factors of (1) danger of prejudice to Defendant, (2) the length of the delay and (3) its potential impact on judicial proceedings, (4) the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

(1) Danger of Prejudice: Plaintiff submits that there is no prejudice to the Defendant.

(2) Length of Delay: Regarding the Motion to Preclude, the delay in filing the opposition was six (6) days, and because of the holiday, three (3) business days. Regarding the Motion for Summary Judgment, the delay was four (4) days in total, and one (1) business day.

(3) Potential Impact on Judicial Proceedings: the length of the delay may cause a delay in the disposition of the instant motions. However, this case has not yet been scheduled for trial.

(4) Reasons for the Delay and Good Faith: The reasons for the delay were multiple and compounding but undersigned first apologizes for not verifying the deadlines before calendaring them. It was careless and in error. However, had counsel not been tasked with the unexpected and sudden additional case load, the responses in opposition would have been filed days earlier; earlier than they were filed and well within the deadlines of the Court. Counsel would ask for leniency from the court on this point as counsel was, along with the other members of the firm, attempting to immediately familiarize himself with dozens of cases that were in various stages of litigation. Certainly, undersigned could not have controlled the unexpected and sudden death of his colleague. In the alternative, perhaps Counsel could have and should have sought an extension from the Court if he believed he would be unable to meet the deadline. Of course, counsel was mindful of the Court's prior orders and was mindful of the Court's stated reluctance to grant extensions. Instead,

counsel wanted to make sure that he filed responses timely. Of course, in doing that, undersigned ran afoul of the deadlines. The efforts of counsel were in good faith and the delay was unintentional and unknown, until the instant Order to Show Cause was received.

Finally, although it is not one of the factors enumerated, counsel would ask the Court to consider Mrs. Grace Neebe, the plaintiff-litigant in this matter, who has assumed the handling of this action on behalf of her late husband, Louis Neebe. Striking Plaintiff's answers to these motions would effectively dismiss her case on a procedural error that was no fault of her own, rather than a disposition based on the law and the merits.

**Respectfully submitted,**

Date: January 22, 2021        by: _____
**ADAM C. DAVIS, ESQUIRE**
**Counsel for Plaintiff, GRACE NEEBE, as Administratix of the ESTATE OF LOUIS NEEBE, Deceased**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via CMECF on January 22, 2021.

PANSINI, MEZROW & DAVIS

BY: _____
ADAM C. DAVIS ESQUIRE
Co-counsel for Plaintiff