IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRACE NEEBE, as Administratix of the
ESTATE OF LOUISE NEEBE, Deceased, and
GRACE NEEBE, in her own right,

       Plaintiffs,

                                     Case No: 2:19-cv-04934-JDW

v.                                   Judge Joshua D. Wolson

RAVIN CROSSBOWS, LLC,
VENATICS, INC.,
COMPASS DIVERSIFIED HOLDINGS,
THE COMPASS GROUP,
VELOCITY OUTDOOR, INC. and
CROSMAN,

       Defendants.

---

### DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Ravin Crossbows, LLC, Venatics, Inc., Compass Diversified Holdings, The Compass Group, Velocity Outdoor, Inc. and Crosman (hereinafter "Defendants") submit the following Reply Brief in Further Support of Defendants' Motion for Summary Judgment.

First, Defendants note that on January 20, 2021, the Court issued an Order (Doc. 53) stating that Plaintiff's Response to Summary Judgment ("Response") was due on January 15, 2021 and that Plaintiff did not file her Response timely. The Court ordered that Plaintiff show cause as to why the Court should not strike the Response (and the Response to the Motion to Preclude Plaintiff's Expert) as untimely. Though Plaintiff filed a Response to the Order to Show Cause (Doc. 57), the Court has yet to rule on the issue of whether the Responses are to be stricken as untimely. If such Responses are stricken, no Reply is necessary. However, out of an abundance of caution, Defendants hereby submit this Reply, in accordance within the Policies

1

and Procedures of the Honorable Joshua D. Wolson, within 7 days of Plaintiff's filing of her untimely Response.

Plaintiff's Response argues (1) that the disputed evidence is unnecessary to overcome summary judgment, essentially claiming that their expert's report is sufficient to create a genuine issue of material fact under FED. R. CIV. P. 56, and (2) that statements made by Mr. Neebe well after the incident are admissible because their expert considered them, as an excited utterance or a present sense impression.   Neither argument is factually or legally sufficient to overcome summary judgment.   Moreover, Plaintiff's fail to present any admissible evidence to refute the fact that their entire case, and more specifically the element of causation, is based on impermissible speculation and conjecture.   Plaintiff must do more than simply show that there is some metaphysical doubt as to material facts, and an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment.   *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Boyle v. County of Allegheny Pennsylvania,* 139 F.3d 386, 393 (3d Cir. 1998) and *Halsey v. Pfeiffer,* 750 F.3d 273, 287 (3d Cir. 2014).

### A.  Batzer's Reports are Inadmissible Hearsay

Plaintiff's first argument is that the findings of their retained expert Dr. Stephen Batzer ("Batzer") are sufficient to overcome summary judgment.   In an attempt to support this argument, Plaintiff's attach and rely upon the reports of Batzer and claim that his reports, "along with the circumstantial evidence, suffices as raising an issue of material fact in which a reasonable jury could find that the crossbow was defective and ***caused*** Mr. Neebe's injuries." (Doc. 51, p. 9) (emphasis added).   This argument fails. Batzer's reports are inadmissible hearsay.

It is clear that when considering a motion for summary judgement, a court may only consider evidence which is admissible at trial, and that a party cannot rely on hearsay evidence when opposing a motion for summary judgment. See *Buttice v. G.D. Searle & Co.,* 938 F.Supp. 561 (E.D.Mo. 1996). Additionally, a party must respond to a hearsay objection by demonstrating that the material would be admissible at trial under an exception to hearsay rule, or that the material is not hearsay. *See Burgess v. Allstate Ins. Co.,* 334 F.Supp.2d 1351 (N.D.Ga. 2003). The mere possibility that a hearsay statement will be admissible at trial does not permit its consideration at the summary judgment stage. *Henry v. Colonial Baking Co. of Dothan,* 952 F.Supp. 744 (M.D.Ala. 1996). Further, e-mail correspondence and letters have been deemed inadmissible hearsay on a motion for summary judgment when offered as proof of the matter it asserted, or when not supported by an affidavit. *See Stone and Michaud Ins., Inc. v. Bank Five for Sav.,* 785 F.Supp. 1065, 1069 (D.N.H. 1992), and *Nokes v. U.S. Coast Guard,* 282 F.Supp.2d 1085 (D.Minn. 2003). *See: Bouriez v. Carnegie Mellon Univ.*, No. CIV.A. 02-2104, 2005 WL 2106582, at *9 (W.D. Pa. Aug. 26, 2005).

It is well settled that the contents of an expert report are hearsay.  *See* FED. R. EV. 801(c) ("hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). When offered by the proponent of the expert witness to reinforce the witness's trial testimony, expert reports are hearsay not within an exception to the hearsay rule. *See Ake v. General Motors Corp.*, 942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding expert report as hearsay not within an exception); *Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 U.S. Dist. Lexis 7535, *19-20 (S.D.N.Y. 2003) ("The written reports of any expert expected to testify ... is hereby excluded as inadmissible hearsay."); *Herrin v. Ensco Offshore Co.*, 2002 U.S. Dist.

Lexis 5744, *6-7 (E.D. La. 2002) (excluding two expert reports on grounds of hearsay). An expert "may testify about. . . things in the report, but the report itself is inadmissible." *Ake,* 942 F.Supp. at 877-78; *see also Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994) ("Rule 702 permits the admission of expert opinion testimony, not opinions contained in documents prepared out of court."); *Law v. Nat'l Collegiate Athletic Assoc,* 185 F.R.D. 324, 341-42 (D. Kan. 1999) (excluding report and noting that "an expert's written report is generally inadmissible").

Batzer's report is inadmissible hearsay. Accordingly, Plaintiff failed to present this Court with admissible evidence and Plaintiff cannot rely on this hearsay evidence when opposing a motion for summary judgment.  As a result, Plaintiff has failed to present any admissible evidence on the issue of defect, and clearly has not presented any admissible evidence on their claim that the alleged defect in the crossbow ***caused*** Mr. Neebe's injuries.  As Plaintiff states "the issue in dispute is the cause of the discharge." (Doc. 51, p. 8).  Simply stated, Plaintiff can present no admissible evidence on this issue.

In addition, Defendants incorporate the arguments contained in their Motion to Preclude Plaintiff's Expert and their Reply Brief in further support on this issue.  Batzer's opinions, even if allowed to be presented in Plaintiff's Response, are based entirely on speculation and are without factual support.  As to causation, Batzer acknowledged during his deposition testimony that he is without factual support as to how or why the incident occurred, and agreed that there were other plausible explanations for how the incident could have occurred (Doc. 48-1, pp. 20-21).

**B.  The Statements Made by Mr. Neebe are Not Admissible**

Plaintiff next argues that the hearsay statements made by Mr. Neebe after the incident are admissible because an expert may consider hearsay evidence.  Whether or not an expert considers hearsay evidence, does not make it *de facto* admissible.  The fact that an expert's report, which as indicated above is hearsay, relies on hearsay statements also does not make the evidence admissible.  Essentially, Plaintiff is attempting to bypass their requirement under Rule 56 to present this Court with admissible evidence in an attempt to create a genuine issue of material fact by arguing that just because Plaintiff's expert considered it, so too must the court. This argument is without merit and simply highlights the fact that Plaintiff is unable to present any admissible evidence to a jury as to what caused the subject incident.  Again, Plaintiff's case fails in its entirety because it is based on speculation and conjecture.

Plaintiff also attempts to argue that the statements made by Mr. Neebe after the incident are admissible as either an excited utterance or a present sense impression.  These arguments are also without merit.  Plaintiff's claim, without any factual or evidentiary support, that during Mr. Neebe's drive to the hospital when he spoke to Christopher Green "the excitement engendered by the startling event was still prevalent.  The statements at issue were made right after the incident occurred." (Doc. 51, p. 14).  There is no evidence to support this contention.  There was no testimony from Christopher Green that Mr. Neebe was still under the stress of the excitement caused by the event or condition.  Moreover, the statements were not made "right after the incident occurred."  The testimony from Mr. Green was that Mr. Neebe had left him a voicemail at some unknown time and that when he called him at some point thereafter Mr. Neebe was driving to the hospital.  The incident had not *just* occurred. There was a significant passage of time actually.  Before making the statements, Mr. Neebe had to remove the arrow from his foot,

5

climb down from the stand, walk 25-50 yards to his vehicle and then start the vehicle and begin driving to the hospital. The exited utterance exception does not apply because the temporal proximity requirement is entirely lacking. That is, the statements made to Mr. Green were not sufficiently contemporaneous with the happening of the event to constitute an excited utterance.

Mr. Neebe's statements also do not constitute present sense impressions since the declaration and the event described must be contemporaneous. Case law teaches that a present sense impression must be made ***immediately*** after the event is perceived. *See AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 795-96 (E.D. Pa. 2008) (finding immediate interview statements did not qualify as present sense impressions and rejecting plaintiff's argument that the statements were made while the events were "fresh in their mind," noting that the greater passage of time, the less reliable the statements are and the scales should tip toward inadmissibility) (citations omitted). Here, there is no evidence that the statements were made immediately after the event or contemporaneous with the event. In fact, there is no evidence as to the time when the incident actually occurred. In other words, Mr. Neebe may have spent time at the scene of the incident before he decided to leave and drive himself to the hospital. This again illustrates that Plaintiff's arguments are not based on admissible evidence, but rather on assumptions and impermissible speculation and conjecture.

Because Mr. Neebe's statement are inadmissible hearsay, and given that Plaintiff can present no admissible evidence on the issue in dispute – what caused the discharge – summary judgment is warranted. That is, Plaintiff has presented no evidence to prove any causal relation between any purported defect and the subject incident.

**C.** **Plaintiff Presents No Evidence to Overcome Speculation and Conjecture**

Plaintiff's Response fails to present any credible argument, or any admissible evidence, to overcome the simple fact that this entire case is based on speculation and conjecture. Even if this Court were to consider Mr. Neebe's inadmissible statements, there is still no admissible evidence to prove the element of causation. This is made clear by Mr. Neebe's own initial statements to Mr. Green, both in the voicemail and when he spoke to with him in the car. These statements were that Mr. Neebe shot himself in the foot and that he did not know what happened. (Doc. 48-1, Exhibit B, pp. 34-38). To claim that an alleged defect in the crossbow caused the subject incident, when Mr. Neebe himself could not explain what happened, clearly highlights that this case is based on speculation and conjecture.

As set out in Defendants' initial brief (Doc. 48-1, pp. 22-24) a jury is not allowed to reach a verdict on the basis of speculation or conjecture. In this case, there is admissible evidence that the subject incident could have occurred in any number of different ways. Mr. Neebe may have fallen asleep and accidentally discharged the crossbow. He may have had his foot resting on the rail of the stand and did not see it when looking through his scope when he discharged the crossbow. As Mr. Neebe himself stated, no one knows what happened. Moreover, not only were there other equally or more plausible explanations for the event, Batzer himself even admitted that these were potential causes. Batzer testified as follows on this subject:

> Q. And there are multiple explanations as to how Mr. Neebe's bow could have fired, the first of which was that he intentionally pulled the trigger, right?
> A. That's an explanation. Sure.
> Q. A second of which is that he inadvertently pulled the trigger for some reason, either by his own self or through the clothing or trees or any other physical objects, true?
> A. That's an explanation. Yes.
>
> \* \* \* \*
>
> Q. There's another explanation that he was shooting at a deer and that he just made a mistake and got his foot in the way, true?

A.      I've come up with that explanation and I understand how parallax works and you could shoot yourself that way.

**See Exhibit A** – Batzer Deposition at pp. 162-163.

The point is, liability cannot be based on surmise and conjecture.  The mere possibility that something occurred in a particular way is not enough, as a matter of law, for a jury to find it probably happened that way.  *See Saldana v. K-Mart Corp.,* 260 F.3d 228, 234 (3d Cir. 2001) and the other cases cited in Defendants' initial brief (Doc. 48-1, pp. 23).

Plaintiff's Response fails to present any admissible evidence to carry their burden to establish that a material factual dispute exists on the issue of causation.  Accordingly, Defendants Ravin Crossbows, LLC, Venatics, Inc., Compass Diversified Holdings, The Compass Group, Velocity Outdoor, Inc. and Crosman respectfully request that that summary judgment be entered pursuant to Rule 56 of the Federal Rules of Civil Procedure and that Plaintiff's claims be dismissed.

Dated:  January 26, 2021                             Respectfully submitted,

CLARK HILL PLC

*/s/ Steven D. Brock*
Barry B. Sutton, *PHV Admission*
Steven D. Brock *PHV Admission*
151 South Old Woodward Ave., Ste. 200
Birmingham, MI 48009
Phone: (313) 965-8577
bsutton@clarkhill.com
sbrock@clarkhill.com

CLARK HILL PLC
Jessica D. Reilly – PA ID #324575
2001 Market Street, Suite 2620
Two Commerce Square
Philadelphia, PA  19103
215-640-8500
jreilly@clarkhill.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 26, 2021, a copy of the foregoing was served upon the following by ECF:

Michael O. Pansini
Steven M. Mezrow
Adam C. Davis
Pansini, Mezrow & Davis
1525 Locust Street, 15th Floor
Philadelphia, PA 19102
(215) 732-5555
mpansini@pansinilaw.com
adavis@pansinilaw.com
*Attorneys for Plaintiffs*

*/s/ Jennifer R. Howard*
Jennifer R. Howard